IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL B. DAVENPORT,

    Plaintiff,                      No. CIV S-04-0413 MCE KJM P

    vs.

R. McKEAN, et al.,                   ORDER

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff is proceeding on claims arising under the Eighth and Fourteenth Amendments. The defendants on whom service was ordered all are prison officials. Plaintiff's complaint concerns events that occurred at High Desert State Prison.

        Plaintiff's motion to strike defendants' affirmative defenses appearing in defendant's answer was filed on March 28, 2005. A motion to strike an affirmative defense should be granted only if the defense is insufficient as a matter of law. U.S. v. Iron Mt. Mines, 812 F. Supp. 1528, 1535 (E.D. Cal. 1992).

        The court will strike defenses 3, 4 and 5. In defense three, defendants assert Eleventh Amendment immunity. The Eleventh Amendment prohibits lawsuits against a state in federal court, and also bars suits against state officials based on state law violations. Air

1

Transport Ass'n of America v. Public Utilities Comm'n, 833 F.2d 200, 203-04 (9th Cir. 1987). Neither a state nor a state agency are defendants in this action, and no claim is based on a state law violation. See November 1, 2004 Order at 2:4-21.[1] Defenses four and five concern claims arising under state law. As noted, there are no state law claims pending. See id. As to the remainder of defendants' defenses, plaintiff has not shown they are insufficient as a matter of law.

Plaintiff also has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel therefore will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 28, 2005 motion to strike affirmative defenses is granted as to defenses 3, 4 and 5 appearing in defendants' answer. In all other respects, plaintiff's motion is denied.

2. Plaintiff's October 7, 2005 request for the appointment of counsel is denied.

DATED: February 3, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1/dave0413.msd

---

[1] The court's screening order has the effect of defining the parameters of the complaint.