1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL DAVENPORT,

11            Plaintiff,                 No. CIV S-04-0413 MCE KJM P

12        vs.

13   R. MCKEAN, et al.,                  ORDER AND

14            Defendants.                FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  The parties' cross-motions for summary judgment are

18   before the court.

19   1.  Plaintiff's February 9, 2007 Request For An Extension Of Time

20            Plaintiff has filed a request for an extension of time to file his opposition to

21   defendant's motion for summary judgment.  Good cause appearing, plaintiff's request will be

22   granted and his February 9, 2007 opposition will be deemed timely.

23   /////

24   /////

25   /////

26   /////

2.  <u>Summary Judgment Standard</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  <u>Id.</u>  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  <u>See id.</u> at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  <u>Id.</u>  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the

1  dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

2  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

3  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

4  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

5  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

6  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

7  1436 (9th Cir. 1987).

8          In the endeavor to establish the existence of a factual dispute, the opposing party

9  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

10  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

11  versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

12  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

13  genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

14  committee's note on 1963 amendments).

15          In resolving the summary judgment motion, the court examines the pleadings,

16  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

17  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

18  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

19  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

20  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

21  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

22  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

23  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

24  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

25  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

26  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

1    On December 7, 2004, the court advised plaintiff of the requirements for

2 opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v.

3 Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999);

4 Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

5 3. Defendants' October 6, 2006 Motion For Summary Judgment

6    A. Plaintiff's Allegations

7    In his complaint, plaintiff alleges defendants Barnett, Erlich, Sandefur, Miranda,

8 Schirmer, Cook and Evans all participated in prison disciplinary proceedings, which resulted in

9 plaintiff being ordered to a term in segregated housing without cause. Compl. at 10-16. On

10 November 1, 2004, the court found that plaintiff's complaint states cognizable Fourteenth

11 Amendment claims against all these defendants.[1]

12    B. Defendants' Arguments And Analysis

13    Defendants argue they are entitled to summary judgment with respect to

14 plaintiff's Fourteenth Amendment claims because, among other things, plaintiff had no interest

15 protected by the Fourteenth Amendment in not being placed in segregated housing. In the prison

16 context, liberty interests protected by the Fourteenth Amendment are "generally limited to

17 freedom from restraint which, while not exceeding the sentence in such an unexpected manner as

18 to give rise to protection by the Due Process Clause of its own force, nonetheless imposes

19 atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

20 life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). Defendants present facts

21 indicating that plaintiff was held in segregated housing for approximately nine and a half

22 /////

23    _____

24    [1] Although defendants' motion is filed on behalf of additional defendants who were not
screened in by the court's November 1, 2004 order, the court resolves the motion only as to
those defendants on whom service was ordered. Also in the November 2004 order, the court

25 found that plaintiff's complaint states cognizable claims under the Eighth Amendment against
defendants McKean, Eberle, Mancilla, Oschner, Speers, Braida and Lingerfelt. Defendants do

26 not seek summary judgment with respect to these claims.

1  months, with regular reviews of his classification status.  Def'ts' Statement of Undisputed Facts,

2  Ex. B at 14-16.

3         Plaintiff does not counter that he was subjected to atypical and significant

4  hardship while in segregated housing.  Rather, plaintiff asserts his placement in segregated

5  housing lengthened his prison sentence because he was not allowed to work for sentence credit.

6  Opp'n at 4-5.  Plaintiff asserts that because his prison sentence was lengthened as a result of his

7  stay in segregated housing, he should have had the benefit of due process before being placed

8  there.  Id. at 5.  Plaintiff does not have a constitutionally protected liberty interest in working

9  while in a California prison even if by working plaintiff would earn sentence credit.  Toussaint v.

10  McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986).  Because there are no facts before the court

11  suggesting plaintiff has been deprived of any liberty interest protected by the Due Process Clause

12  of the Fourteenth Amendment, the moving defendants are entitled to summary judgment with

13  respect to plaintiff's Fourteenth Amendment claims.

14  4.  Plaintiff's October 10, 2006 Motion For Summary Judgment

15         Plaintiff moves for summary judgment as to his claims against defendants

16  Schirmer, Cook and Evans, summarized above.  However, in his motion, plaintiff fails to point

17  to any facts indicating he had a liberty interest protected by the Due Process Clause of the

18  Fourteenth Amendment and was deprived of this interest at the disciplinary proceedings at issue.

19  For this reason, the burden to establish that a genuine issue of material fact actually does exist

20  with respect to whether plaintiff was deprived of a protected liberty interested has not shifted to

21  defendants.  See Matsushita Elec. Indus. Co, 475 U.S. at 586.  Plaintiff's motion should be

22  denied.[2]

23  _____

24         [2] In his reply to defendants' opposition, plaintiff asserts that, while in segregated
   housing, he was denied programming activities, "essentially confined to a cell 24 hours a day,"
25  denied contact visits and denied vocational opportunities.  Reply at 4:19-23.  The court cannot
   consider this assertion because plaintiff fails to point to any evidence susceptible of
26  consideration, such as a sworn affidavit provided by plaintiff.  See Fed. R. Civ. P. 56(e).  In any
   case, the conditions of confinement of which plaintiff complains do not rise to the level of a

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's February 9, 2007 request for an extension of time is granted.

3    2.  Plaintiff's February 9, 2007 opposition to defendants' motion for summary

4    judgment is deemed timely.

5    IT IS HEREBY RECOMMENDED that:

6    1.  The October 6, 2006 motion for summary judgment filed by defendants

7    Barnett, Erlich, Sandefur, Miranda, Schirmer, Cook and Evans be granted.

8    2.  Plaintiff's Fourteenth Amendment claims be dismissed resulting in the

9    dismissal of defendants Barnett, Erlich, Sandefur, Miranda, Schirmer, Cook and Evans from this

10   action.

11   3.  Plaintiff's October 10, 2006 motion for summary judgment be denied.

12   4.  Plaintiff be ordered to file his pretrial statement within thirty days of any order

13   adopting the foregoing findings and recommendations.

14   5.  Defendants McKean, Eberle, Mancilla, Oschner, Speers, Braida and Lingerfelt

15   be ordered to file their pretrial statement within fifteen days of service of plaintiff's pretrial

16   statement.

17   These findings and recommendations are submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

19   days after being served with these findings and recommendations, any party may file written

20   objections with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22   /////

23   /////

24   _____

25   liberty interest protected by the Due Process Clause.  See Toussaint, 801 F.2d at 1092 (liberty
     interest does not arise even when segregated housing imposes such hardships as denial of access
26   to vocational, educational, recreational and rehabilitative programs and confinement to one's cell
     for lengthy periods of time).

shall be served and filed within ten days after service of the objections.  The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 1, 2007.

_____
U.S. MAGISTRATE JUDGE

1/dave0413.57